1  J. SCOTT GERIEN, State Bar No. 184728
   MEGAN F. HEALY, State Bar No. 229177
2  DICKENSON, PEATMAN & FOGARTY
   809 Coombs Street
3  Napa, California 94559
   Telephone: (707) 252-7122
4  Facsimile: (707) 255-6876

5  Attorneys for Plaintiffs
   MARK CARTER and CHRISTY CARTER
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 Mark Carter, an individual, and Christy        CASE NO. C 08-02979 EMC
   Carter, an individual
12                                                NOTICE PURSUANT TO LOCAL RULE
          Plaintiffs,                             3-13 OF PENDENCY OF OTHER ACTION
13
   vs.
14
   South Coast Winery, Inc.
15
          Defendant.
16

17       Pursuant to Local Rule 3-13, Plaintiffs, Mark and Christy Carter ("Plaintiffs"), hereby

18 submit this Notice of Pendency of Other Action. After receiving a demand letter from

19 Plaintiffs alleging trademark infringement, Defendant, South Coast Winery, Inc., filed a pre-

20 emptive declaratory judgment action in the U.S. District Court for the Central District of

21 California, South Coast Winery, Inc. v. Mark Carter and Christy Carter, Case No. 08-cv-

22 03269-CAS-RC, on May 16, 2008. Following this filing, Plaintiffs extended a settlement offer

23 to Defendant in attempts to settle the matter and the parties agreed to extend the Plaintiff's

24 answer deadline in the Central District action until June 20, 2008. On June 12, 2008,

25 Defendant rejected Plaintiff's settlement offer and Plaintiffs filed this action in the Northern

District on June 17, 2008. Both actions involve the same claim of trademark infringement by Plaintiffs.

      While 28 U.S.C. Section 1407 would not appear to be the proper vehicle for coordination of these two matters, pursuant to the Local Rules of the Central District, counsel for Plaintiffs met and conferred with counsel for Defendant on June 18, 2008 to discuss dismissal or transfer of the declaratory judgment action in the Central District to be coordinated with this action in the Northern District. Defendant did not agree to such dismissal or transfer of the Central District action. Accordingly, pursuant to the Central District Local Rules requiring a 20-day stay following meet and confer before a motion is filed, Plaintiffs informed Defendant that they would be filing a transfer motion after July 8, 2008.

      Defendant's counsel has now notified Plaintiffs that it intends to file a motion to dismiss, stay or transfer the Northern District action. Since Plaintiff's will be filing a motion to transfer the declaratory judgment in the Central District, Plaintiffs believe that this Court should stay proceedings in this action in the Northern District pending the decision by the Central District on whether to transfer the declaratory judgment action. Should the Central District agree with Plaintiffs that the Central District action was a pre-emptive strike by Defendant reflecting an attempt at forum shopping, then matters may proceed forward in the Northern District and the Northern District may avoid expending time and expense in hearing any motion to dismiss or transfer filed by Defendant.

///

///

///

///

///

///

///

Dated: 7/2/08

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By: _____
J. Scott Gerien
Megan F. Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiffs,
Mark Carter and Christy Carter

# PROOF OF SERVICE

I declare that I am over the age of 18 years, employed in the County of Napa, and not a party to the within action; my business address is 809 Coombs Street, Napa, California 94559.

On July 2, 2008, I placed a copy of the following document(s):

- **NOTICE PURSUANT TO LOCAL RULE 3-13 OF PENDENCY OF OTHER ACTION**

in a sealed envelope addressed as shown below and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

The persons served are as follows:

David L. Hoffman
Law Offices of David L. Hoffman
28494 Westinghouse Place, Suite 204
Valencia, CA  91355

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 2, 2008, at Napa, California.

Jaymie Kilgore
Legal Secretary