Sophie Froelich SBN 213194
NOSSAMAN, LLP
50 California Street, 34th Floor
San Francisco, CA  94111
Phone: (415) 398-3600
Fax: (415) 398-2438
Specially Appearing for Defendant
  South Coast Winery, Inc.

David L. Hoffman SBN: 143474
LAW OFFICES OF DAVID L. HOFFMAN
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Phone: (661) 775-0300
Fax: (661) 775-9423
Of Counsel for Defendant
  South Coast Winery, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Carter, an individual, and Christy Carter, an individual,<br><br>   Plaintiffs,<br><br> vs.<br><br>South Coast Winery, Inc.<br><br>   Defendant. | **CASE NO.  C08-02979 (EMC) ADR**<br><br>**DECLARATION OF DAVID L. HOFFMAN IN SUPPORT OF MOTION TO DISMISS, STAY OR TRANSFER UNDER THE FIRST-TO-FILE RULE AND F.R.C.P. 12(b)(3)**<br><br>**Date:   August 27, 2008**<br>**Time:   10:30 a.m.**<br>**Courtroom: C, 15th Floor**<br>**Judge:  Hon. Edward M. Chen** |

**I, DAVID L. HOFFMAN HEREBY DECLARE:**

   1.  I am the attorney of record for the defendant in this action, South Coast Winery, Inc. and have personal knowledge of all of the facts and circumstances hereinafter set forth below.

2.     This declaration is made in support of the instant motion seeking either the dismissal, stay or transfer of the instant matter to the Central District of California.

3.     On or about May 16, 2008, I caused to be filed my client's complaint for declaratory judgment and unfair competition in the central district against the plaintiffs in this matter, Mark and Christy Carter ("Carter Cellars").  A true and correct copy of said complaint is attached hereto as Exhibit "A".

4.     As early as April 28, 2007, my client began selling wine with the label "Carter Estate".  The sale was held on the premises of SCW's South Coast Winery & Resort in Temecula, CA.  See paragraph 12 of SCW's complaint.

5.     And, on or about (copy paragraph 13 from complaint)

6.     Thousands of bottles of wine were labeled prior to the letter my clients received from an attorney representing the Carter's dated January 23, 2008.  That letter asserted that my client SCW's use of the "Carter Estate" label on its wine would cause confusion with "Carter Cellars", the mark being used by Mark and Christy Carter.  The letter specifically stated that if my client used the brand on its wine, Carter Cellars would "act as necessary" to preserve the value of their brand and mark.  See paragraph 17 & 18 of Exhibit "A".

7.     Having no idea that Carter Cellars had gone out and filed (on or about January 25, 2008) a federal trademark application for the mark "Carter Estate", in response to the January 23, 2008 letter, I sent a letter dated February 20, 2008 requesting copies of the Carter Cellars wine labels.  See Exhibit "N" to my client's complaint (Exhibit "A" of this declaration).

8.     In response to my request, counsel for Carter Cellars sent a responsive letter.  See Exhibit "O" to my client's complaint.

9.     I then found out that Carter Cellars had filed its application on "Carter Estates" claiming an intent to use such a mark, and that that application was filed after Carter Cellars knew

DECLARATION OF DAVID L. HOFFMAN IN SUPPORT OF MOTION TO DISMISS, STAY OR TRANSFER
Case No.: C-08-02979 (EMC) ADR

that SCW had its COLA application on "Carter Estate" and long after SCW had filed its application on Carter Estate Winery and Resort, and promoted the resort. In response to the letter of Exhibit "O," I sent a letter dated April 29, 2008 indicating that my clients had received Certificate of Label Approval "(COLA") from the ATF for use of the label, had bottled wine with that label and even sold some. See Exhibit "P" and paragraph 22 of complaint.

10.    Thus, the first cause of action for declaratory relief asserted by my client involves a resolution of the dispute between the parties over my client's continued use of the name "Carter Estate."

11.    I respectfully submit to the Court that while my client had a reasonable apprehension of suit, suit was not "imminent" by any stretch of the imagination. No specific deadline for any lawsuit was given by Carter Cellars. SCW was left hanging, with many many bottles of wine labeled with "Carter Estate" and with its resort being promoted with the name "Carter Estate Winery and Resort."

12.    SCW did not file suit in the Central District to pre-empt defending an action in Northern California.

13.    In fact, if the Court examines my letter of April 29, 2008 (Exhibit "P") to the complaint, I requested that by May 5, 2008 Carter Cellars withdraw their intent to use application on "Carter Estate" and confirm in writing that my client SCW's use and registration of "Carter Estate" is acceptable to Carter Cellars.

14.    That May 5, 2008 deadline came and went and I received no further writings or communications from the attorneys for Carter Cellars.

15.    We waited another eleven (11) days before filing suit on May 16, 2008. Suit was commenced because the issue had not been resolved, and as I indicated, SCW was left hanging

3

DECLARATION OF DAVID L. HOFFMAN IN SUPPORT OF MOTION TO DISMISS, STAY OR TRANSFER
Case No.: C-08-02979 (EMC) ADR

including having thousands of bottles of wine contain the COLA approved "Carter Estate" label and SCW being in the process of building and promoting its "Carter Estate Winery and Resort."

16.    Thus, the dispute had to be resolved, even if Carter Cellars' attorney was not responding to my last communication which indicated that we would continue to use the mark.

17.    It was therefore imperative that the issue be resolved, and we could not simply wait around to find out whether or not Carter Cellars were going to file suit at some time in the future. A concrete dispute existed and it had to be resolved as expeditiously as possible.

18.    SCW's Central District lawsuit is not simply an action for declaratory relief. The third cause of action is an action for federal unfair competition seeking an order from the Court cancelling Carter Cellars' application for the "Carter Estate" mark, which as I indicated before, was filed by Carter Cellars with specific knowledge that SCW had already filed and had its COLA application for the label and mark on its bottles of wine approved, and also well after SCW had filed its federal trademark application on "Carter Estate Winery and Resort."

19.    Carter Cellars apparently filed their action in this matter on June 17, 2008. However, Carter Cellars also filed an answer and counterclaim in the Central District litigation commenced by my client SCW on June 20, 2008. Attached hereto as Exhibit "B" is a true and correct copy of Carter Cellars' answer and counterclaims with a proof of service showing that it was served on June 20, 2008.

20.    I respectfully submit to the Court that the four counterclaims asserted by Carter Cellars in the Central District case are the same or essentially the same causes of action asserted by Carter Cellars in the instant action.

21.    Based upon the foregoing, on behalf of my client SCW, I respectfully request that the Court either dismiss, stay or transfer the instant action.

4

     I declare the foregoing to be true subject to the penalties of perjury under the laws of the United States and the laws of California this 21st day of July, 2008 within the City of Valencia, State of California.

_____

DAVID L. HOFFMAN

DECLARATION OF DAVID L. HOFFMAN IN SUPPORT OF MOTION TO DISMISS, STAY OR TRANSFER
Case No.: C-08-02979 (EMC) ADR

# EXHIBIT A

1   David L. Hoffman, Esq., No. 143,474
    LAW OFFICES OF DAVID L. HOFFMAN
2   28494 Westinghouse Place, Suite 204
    Valencia, California 91355
3   Telephone:  (661) 775-0300
    Telefax:  (661) 775-9423
4
    Attorneys for Plaintiff,
5   SOUTH COAST WINERY, INC.

6

7

8                       UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10

11  SOUTH COAST WINERY, INC., a            )   CASE NO.
    California Corporation,                )   CV 08 - 03269
12                                         )
13              Plaintiff,                 )   COMPLAINT FOR:
                                           )   1. DECLARATORY JUDGMENT
14          vs.                            )      OF NON-INFRINGEMENT OF
                                           )      TRADEMARK;
15  MARK CARTER and CHRISTY                )   2. DECLARATORY JUDGMENT
    CARTER, both individuals,              )      OF INVALIDITY OF
16                                         )      TRADEMARK
                Defendants.                )      APPLICATION; AND
17                                         )   3. UNFAIR COMPETITION
                                           )
18                                         )
                                           )
19                                         )
                                           )
20  _____    )   JURY DEMAND

21

22          Plaintiff SOUTH COAST WINERY, INC. ("SCW" or "Plaintiff") alleges:

23

24

25

26

27

28

# EXHIBIT A

P.13

May 17 2008 4:52PM   Law Offices Of David L. H   6617750391



HOME  VILLAS  RESTAURANT  SPA  WINERY  GROUPS & WEDDINGS  WINE CLUB  SHOP NOW  RESORT EVENTS  ABOUT US

ACCOUNT  CART  CHECK OUT

# WELCOME

Prepare to experience luxury uncorked. In the heart of Temecula's Wine Country, conveniently located about an hour's drive from San Diego, Orange County and Los Angeles, you'll discover a unique resort and working winery, reflecting owner Jim Carter's vision.

Lounge on the terrace of your private villa, surrounded by rolling vineyards. Savor the creative, palate-pleasing menu of the Vineyard Rose Restaurant. Relax with a tranquil treatment at the GrapeSeed Spa. Sip award-winning wines during a tour and tasting...

## SPECIAL OFFERS

 RESERVE A VILLA

GIFT CARDS

SPA SPECIAL

VILLA SWEEPSTAKES

RAVE REVIEWS

## JIM & MAGGIE

http://www.wineresort.com/

5/6/2008

# EXHIBIT B

May 17 2008 4:53PM   Law Offices Of David L. H  6617750391          p.15

 **United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue May 6 04:29:44 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet*
*Browser to return to TESS)*

## CARTER ESTATE WINERY AND RESORT

| | |
|---|---|
| **Word Mark** | **CARTER ESTATE WINERY AND RESORT** |
| **Goods and Services** | IC 043. US 100 101. G & S: Resort hotels; Resort lodging services; Restaurant services |
| | IC 044. US 100 101. G & S: Health spa services for health and wellness of the body and spirit offered at a health resort; Health spa services, namely, cosmetic body care services |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78933334 |
| **Filing Date** | July 19, 2006 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | April 8, 2008 |
| **Owner** | (APPLICANT) South Coast Winery, Inc. CORPORATION CALIFORNIA P.O. Box 507 Santa Ana CALIFORNIA 92702 |
| **Attorney of Record** | David L. Hoffman |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ESTATE WINERY AND RESORT" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

# EXHIBIT C

May 17 2008 4:54PM    Law Offices Of David L. H  6617750391        P.17

Page 1 of 2

---

Document Description: **Notice of Publication**    Mail / Create Date: **19-Mar-2008**



    **UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451
www.uspto.gov

Mar 19, 2008

## NOTICE OF PUBLICATION UNDER 12(a)

1.  Serial No.:
    78/933,334

2.  Mark:
    CARTER ESTATE WINERY AND RESORT
    Standard Character Mark

3.  International Class(es):
    43, 44

4.  Publication Date:
    Apr 8, 2008

5.  Applicant:
    South Coast Winery, Inc.

The mark of the application identified appears to be entitled to registration. The mark will, in accordance with Section 12(a) of the Trademark Act of 1946, as amended, be published in the Official Gazette on the date indicated above for the purpose of opposition by any person who believes he will be damaged by the registration of the mark. If no opposition is filed within the time specified by Section 13(a) of the Statute or by rules 2.101 or 2.102 of the Trademark Rules, the Commissioner of Patents and Trademarks may issue a notice of allowance pursuant to section 13(b) of the Statute.

Copies of the trademark portion of the Official Gazette containing the publication of the mark may be obtained from:

The Superintendent of Documents
U.S. Government Printing Office
PO Box 371954
Pittsburgh, PA 15250-7954
Phone: 202-512-1800

By direction of the Commissioner.

---

Correspondence Address:

David L. Hoffman                                          TMP&I

http://tmportal.uspto.gov/external/PA_1_2_V9/OpenServletWindow?serialNumber=789333...  5/6/2008

*C1*

Case 5:08-cv-02979-RMW   Document 7   Filed 07/21/2008   Page 14 of 68
May 17 2008 4:54PM   Law Offices Of David L. H   6617750391   p.18

Page 2 of 2

Law Offices of David L. Hoffman
Suite 204
28494 Westinghouse Place
Valencia CA 91355

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- *General trademark information: Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- *Technical help: For instructions on how to use TDR, or help in resolving technical glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- *Questions about USPTO programs: Please e-mail USPTO Contact Center (UCC).*

*NOTE: Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

# EXHIBIT D

 **United States Patent and Trademark Office**
Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue May 6 04:29:44 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout. Please logout when you are done to release system resources allocated for you.

Start  List At: _____  OR  Jump  to record: _____     **Record 2 out of 7**

| TARR Status | ASSIGN Status | TDR | TTAB Status | ( Use the "Back" button of the Internet Browser to return to TESS)

## Typed Drawing

| | |
|---|---|
| Word Mark | BRIAN CARTER |
| Goods and Services | IC 033. US 047 049. G & S: Wine. FIRST USE: 20021102. FIRST USE IN COMMERCE: 20021126 |
| Mark Drawing Code | (1) TYPED DRAWING |
| Serial Number | 78102168 |
| Filing Date | January 11, 2002 |
| Current Filing Basis | 1A |
| Original Filing Basis | 1B |
| Published for Opposition | August 13, 2002 |
| Registration Number | 2751396 |
| Registration Date | August 12, 2003 |
| Owner | (REGISTRANT) WHC, Inc. CORPORATION WASHINGTON 10604 N.E. 38th Place, Suite 132 Kirkland WASHINGTON 980337903 |
| | (LAST LISTED OWNER) BRIAN CARTER CELLARS, LLC LTD LIAB CO WASHINGTON 10604 N.E. 38TH PLACE, SUITE 132 KIRKLAND WASHINGTON 980337903 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | R. Corbin Houchins |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Other Data | The name "BRIAN CARTER" identifies a living individual whose consent is of record. |

# EXHIBIT E

Trademark Electronic Search System (TESS)                    Page 1 of 2

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue May 6 04:29:44 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout Please logout when you are done to release system resources allocated for you.

Start List At: ____  OR Jump to record: ____   **Record 7 out of 7**

TARR Status   ASSIGN Status   TDR   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | CARTER |
| **Goods and Services** | IC 033. US 047 049. G & S: WINE. FIRST USE: 20010701. FIRST USE IN COMMERCE: 20010701 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76517431 |
| **Filing Date** | May 28, 2003 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 6, 2005 |
| **Registration Number** | 3018996 |
| **Registration Date** | November 29, 2005 |
| **Owner** | (REGISTRANT) Carter, Christie INDIVIDUAL UNITED STATES 301 L Street Eureka CALIFORNIA 955010571 |
| | (REGISTRANT) Carter, Mark INDIVIDUAL UNITED STATES 301 L Street Eureka CALIFORNIA 955010571 |
| | (LAST LISTED OWNER) CARTER VINEYARDS, LLC LLC OREGON 25 NW 23RD PLACE, SUITE 6 PORTLAND OREGON 97210 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | J. Scott Gerien |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

# EXHIBIT F

04/23/2008 17:06 FAX 4158823232          OWEN WICKERSHAM ERICKSON                    ☑004/005

## CONSENT AGREEMENT

This Consent Agreement is made and entered into by and between Mark and Christine Carter dba Carter Cellars ("Carter"), individuals residing at 301 L Street, Eureka, CA 95501-0571 and WHC, Inc. ("WHC"), a corporation organized and existing under the laws of the State of Washington with a principal place of business at 10604 N.E. 38th Place, Suite 132, Kirkland, WA 98033-7903 (collectively, "the Parties").

### Background

I.    WHC is the owner of Federal Trademark Registration No. 2,751,396 which issued on August 12, 2003 for the trademark BRIAN CARTER for wine in International Class 33.

2.    Carter filed Federal Trademark Application Serial No. 76/517,431, on May 28, 2003 for the trademark CARTER for wine in International Class 33.

3.    The Trademark Examining Attorney assigned to review Carter's application has refused registration of CARTER based upon a perceived likelihood of confusion with WHC's Federal Trademark Registration No. 2,751,396.

4.    The parties are informed and believe that their concurrent uses of BRIAN CARTER for wine and CARTER for wine will not cause confusion, deception or mistake among consumers or the trade.

### AGREEMENT

The Parties have thought out their commercial interests with care and as reputable business persons, and users of valuable marks, have no interest in causing public confusion. In re E.I. DuPont de Nemours & Co., 177 U.S.P.Q. 563 (CCPA 1973). In view of the foregoing, and in consideration of the mutual undertaking set forth herein, the parties agree as follows:

(1)    That no likelihood of confusion exists between the marks BRIAN CARTER for wine and CARTER for wine based on the following factors:

(a) The manner in which the Parties' marks are used is different. While both Parties' marks encompass the term "CARTER," the manner in which they are used on packaging and labels is different, each party utilizing different stylized type and graphics which distinguish between the brands. Further, WHC utilizes the composite BRIAN CARTER, with both terms of the composite appearing in equal size and type to create a unitary mark distinct in sight, sound and meaning from Carter's CARTER mark.

(b) The consumers of the products at issue are very sophisticated and are not likely to be confused and will be able to tell the products apart based on the differences between the marks.

1

May 17 2008 4:56PM     Law Offices Of David L. H     6617750391     p.25

04/13/2006 17:06 FAX 4156832132     OPEN WICKERSHAM ERICKSON     ☒006/006

(2)     The Parties agree to cooperate and consult with one another, in good faith, should future conditions or developments suggest to either that the Parties' respective marks are being confused with one another, all with a view to assuring that no substantial confusion between the Parties' marks, as they are used in commerce, shall occur. Specifically, the Parties agree that if one of them notifies the other that specific instances of confusion have arisen due to the other's actions, or to actions of a third party in advertising or promoting the other's mark and/or products or services provided thereunder, the notified party will take appropriate steps, not inconsistent with its ownership interests as is reasonably possible, to correct such confusion and to avoid further confusion.

(3)     The Parties agree that neither will oppose or otherwise interfere with the other in obtaining and maintaining its respective registration of SHEAN CARTER or CARTER (for wine) in International Class 33, so long as the differences between the marks are maintained.

(4)     Should either party abandon its mark, its rights shall be lost and the other party may thereafter use its mark in all proper ways, unrestrained by the terms of this Consent Agreement, and may thereafter apply for and obtain a federal registration of its mark unrestricted by this Consent Agreement.

(5)     Both Parties to this Consent Agreement may license or assign their respective rights hereunder, in whole or in part, provided that such license or assignment does not extend beyond the provisions of this Consent Agreement.

(6)     This Consent Agreement is being signed in multiple copies. Each copy shall be considered an original for all purposes.

IN WITNESS WHEREOF, the Parties hereto have signed this Consent Agreement, effective as of the last date of signature below.

MARK AND CHRISTINE CARTER
dba CARTER CELLARS

By: _____
     Mark Carter
Date:

By: _____
     Christine Carter
Date: 4/27/05

WHC, INC.

By: _____
Title: Vice President
Date: 4/27/05

2

# EXHIBIT G

Trademark Electronic Sear    System (TESS)                        Page 1 of 2



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue May 6 04:29:44 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

[Logout] Please logout when you are done to release system resources allocated for you.

[Start] List At: ___ OR [Jump] to record: **Record 1 out of 7**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | CARTER VINEYARD |
| **Goods and Services** | IC 031. US 001 046. G & S: fresh grapes. FIRST USE: 19860000. FIRST USE IN COMMERCE: 19890000 |
| | IC 033. US 047 049. G & S: wine. FIRST USE: 19900000. FIRST USE IN COMMERCE: 19900000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 78302011 |
| **Filing Date** | September 18, 2003 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 1, 2008 |
| **Owner** | (APPLICANT) Carter Vineyard, LLC LTD LIAB CO OREGON 1930 NW Irving Street, No. 505 Portland OREGON 97209 |
| **Attorney of Record** | Pierre C. Van Rysselberghe |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "VINEYARD" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

May 17 2008 4:57PM    Law Offices Of David L. H    6617750391    p.28

# EXHIBIT H

## CONSENT AGREEMENT

This CONSENT AGREEMENT (the "Agreement") is made and entered into by and between MARK CARTER and CHRISTY CARTER (collectively, "Mark and Christy Carter"), individuals with a principal place of business located at 301 L Street, Eureka, California 95501-0571, and CARTER VINEYARD, LLC ("Carter Vineyard"), an Oregon limited liability company with a principal place of business located at 1930 NW Irving Street, No. 505, Portland, Oregon 97209 (collectively, the "Parties").

### Background

1.    Carter Vineyard is the owner of: (a) U.S. Trademark Application Serial No. 78/302011 for the mark CARTER VINEYARD for fresh grapes in Class 31 and wine in Class 33, and (b) U.S. Trademark Registration No. 3,018,996 for the mark CARTER for wine in Class 33.

2.    Mark and Christy Carter are the owners of U.S. Trademark Application Serial No. 77/234177 for the mark CARTER CELLARS for wine in Class 33.

3.    The Parties are informed and believe that their concurrent uses in the United States of CARTER VINEYARD for fresh grapes and wine and CARTER for wine on the one hand, and CARTER CELLARS for wine on the other, will not cause confusion, deception or mistake among consumers or the trade.

### AGREEMENT

The Parties have thought out their commercial interests with care and as reputable business persons, and users of valuable marks, and have no interest in causing public confusion. In re E.I. DuPont de Nemours & Co., 177 U.S.P.Q. 563 (CCPA 1973). In view of the foregoing, and in consideration of the mutual undertaking set forth herein, the Parties agree as follows:

(1)    That no likelihood of confusion exists between the marks CARTER VINEYARD for fresh grapes in Class 31 and wine in Class 33 and CARTER for wine in Class 33 on the one hand, and CARTER CELLARS for wine in Class 33 on the other, based upon the below listed factors:

(a)    The Parties' respective marks are different in appearance and sound. Consumers viewing Mark and Christy Carter's CARTER CELLARS mark are unlikely to believe it to be either Carter Vineyard's CARTER VINEYARD or CARTER marks as the use of "CELLARS" in association with the "CARTER" surname distinguishes Applicants' mark.

(b)    The Parties' goods under the marks are different. Carter Vineyard's CARTER VINEYARD mark is used in association with fresh grapes grown in Oregon and wines made from such grapes and Carter Vineyard's CARTER mark is also used on wines made from grapes grown in Oregon, while Mark and Christy Carter's CARTER CELLARS mark is used on wine made from grapes grown in California.

1

May 17 2008 4:58PM    Law Offices Of David L. H    6617750391    p.30

Apr 21 2008 4:50PM    HP LASERJET FAX    7074450311    p.3
03/28/2008 11:19 FAX 707 255 8240    D P & F    @003/003

(2)    The Parties agree to cooperate and consult with one another, in good faith, should future conditions or developments suggest to either that the Parties' respective marks are being confused with one another, all with a view to ensuring that no substantial confusion between the Parties' marks, as they are used in commerce, shall occur. Specifically, the Parties agree that if one of them notifies the other that specific instances of confusion have arisen due to the other's actions, or to actions of a third party in advertising or promoting the other's mark and/or products or services provided thereunder, the notified party will take appropriate steps, not inconsistent with its ownership interests as is reasonably possible, to correct such confusion and to avoid further confusion.

(3)    Carter Vineyard agrees that it will not oppose, cancel, or otherwise interfere with Mark and Christy Carter's obtaining and maintaining registration of CARTER CELLARS in the U.S., including U.S. Trademark Application Serial No. 77/234177 for CARTER CELLARS for wine in Class 33.

(4)    Mark and Christy Carter agree that they will not oppose, cancel or otherwise interfere with Carter Vineyard's obtaining and maintaining registration of CARTER VINEYARD for fresh grapes in Class 31 and wine in Class 33 (Application Serial No. 78/302011) and CARTER for wine in Class 33 (Registration No. 3,018,996).

(5)    Should either party abandon its respective marks, its rights shall be lost and the other party may thereafter use its mark in all proper ways, unrestrained by the terms of this Consent Agreement, and may thereafter apply for and obtain registration of its mark unrestricted by this Consent Agreement.

(6)    Both Parties to this Consent Agreement may license or assign their respective rights hereunder, in whole or in part, provided that such license or assignment does not extend beyond the provisions of this Consent Agreement.

IN WITNESS WHEREOF, the Parties hereto have signed this Consent Agreement, effective as of the last date of signature below.

MARK AND CHRISTY CARTER                    CARTER VINEYARD, LLC

                                           By: _____

Mark Carter                                Title: _____
Date: ___4/21/08___

                                           Date: ___2/27/08___

Christy Carter
Date: ___4/21/08___

2

May 17 2008 4:58PM   Law Offices Of David L. H  6617750391                    p.31

# EXHIBIT I

Trademark Electronic Sear    System (TESS)                                      Page 1 of 2

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue May 6 04:29:44 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout. Please logout when you are done to release system resources allocated for you.

Start    List At:  _____  OR  Jump  to record:    **Record 3 out of 7**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# CARTER ESTATE

| | |
|---|---|
| **Word Mark** | CARTER ESTATE |
| **Goods and Services** | IC 033. US 047 049. G & S: Wine made by an estate winery in Southern California and marketed in connection with a Southern California resort adjacent the winery, and sold on the premises of the resort; and wine made by an estate winery in Southern California and marketed in connection with a Southern California resort, and shipped to wine club members |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77452815 |
| **Filing Date** | April 19, 2008 |
| **Current Filing Basis** | NO FILING BASIS |
| **Original Filing Basis** | NO FILING BASIS |
| **Owner** | (APPLICANT) South Coast Winery, Inc. CORPORATION CALIFORNIA P.O. Box 507 Santa Ana CALIFORNIA 92702 |
| **Attorney of Record** | David L. Hoffman |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ESTATE" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |

Case 5:08-cv-02979-RMW    Document 7    Filed 07/21/2008    Page 29 of 68

# EXHIBIT J



# SOUTH COAST WINERY
## RESORT & SPA
### Temecula, California

34843 Rancho California Road, Temecula CA 92591 (951) 587-WINE (9463)

**Founded:**        *2002*

**Owner:**          *Jim Carter*

**Size:**           *39 acres*

**Winery:**         *Winemakers:*        *Jon McPherson and Javier Flores*
                    *Production facility:*   *5,000 square feet*
                    *Barrel storage:*    *29,000 square feet*
                    *Annual capacity:*   *50,000 cases*

                    *Labels:*            *South Coast Winery*
                                         *Muscat Canelli, Viognier, Cabernet Rose,*
                                         *Merlot Rose, Reserve Chardonnay, Merlot,*
                                         *Chardonnay Sans Chéne, Syrah, Riesling,*
                                         *Brut Sparkling, Extra dry Sparkling, Black*
                                         *Jack Port*

                                         *Wild Horse Peak Mountain Vineyard*
                                         *Cabernet Sauvignon, Merlot, Meritage, and*
                                         *Syrah*

                                         *Elevation*
                                         *Syrah, Merlot and Sauvignon Blanc*

                                         *Carter Estates scheduled for release 2007*

| | |
|---|---|
| **Vineyards:** | *Rolling Hills Vineyard -- (26 acres planted)*<br>*Carter Estate Vineyard -- 109 acres (37 acres planted)*<br>*South Coast  Vineyard --15.5  acres planted*<br>*Wild Horse Peak Mountain Vineyard --400 acres (200 acres planted)* |
| **Restaurant:** | *Vineyard Rose (open daily for breakfast, lunch and dinner)*<br>*Executive Chef:    Alessandro Serni*<br>*12,000 square feet*<br>*160 seats indoors/270 patio seats* |
| **Vineyard Villas:** | *76 rooms with vineyard vistas* |
| **Spa:** | *15,000 square feet with heated outdoor pool* |
| **Conference and meeting space:** | *7,200 square feet (capacity: 500 people)* |
| **Employees:** | *160* |
| **Website:** | *www.wineresort.com* |

*Wild Horse Peak Mountain*
*Vineyard 400 acres (160 acres*
*planted)*

# EXHIBIT K

May 17 2008 4:55PM    Law Offices Of David L. H   6617750391                p.37

02/21/2008 09:31 FAX 707 255 49          D P & F                            ☒027

Page 1 of 1

OMB No. 1513-0020   (01/31/2006)

**DEPARTMENT OF THE TREASURY**
**ALCOHOL AND TOBACCO TAX AND TRADE BUREAU**
**APPLICATION FOR AND CERTIFICATION/EXEMPTION OF**
**LABEL/BOTTLE APPROVAL**
(See Instructions and Paperwork Reduction Act Notice Below)

TTB ID: 07207-000-000038

**PART I – APPLICATION**

1. REP. ID. NO. (If any)

2. PLANT REGISTRY/BASIC PERMIT/BREWER'S NO. (Required)
BW-CA-6689

3. SOURCE OF PRODUCT (Required)
☐ Domestic   ☐ Imported

4. SERIAL NUMBER (Required)
YEAR  07-0703

5. TYPE OF PRODUCT (Required)
☐ WINE
☐ DISTILLED SPIRITS
☐ MALT BEVERAGES

6. BRAND NAME (Required)
CARTER ESTATE

7. FANCIFUL NAME (If any)

8. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT, OR BREWER'S NOTICE. INCLUDE APPROVED DBA OR TRADENAME IF USED ON THE LABEL. (Required)
SOUTH COAST WINERY RESORT & SPA
34843 RANCHO CALIFORNIA RD.
TEMECULA, CA 92591

8A. MAILING ADDRESS, IF DIFFERENT

9. EMAIL ADDRESS
Josephgene@nexysesoft.com

10. FORMULA/SOP NO. (If any)
N/A

11. LAB. NO. & DATE/PRE-IMPORT NO. & DATE (If any)
N/A

12. TYPE OF APPLICATION (Check applicable box(es))
☐ CERTIFICATE OF LABEL APPROVAL
☐ CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL "For use only (Fill in State abbreviation)"
☐ DISTINCTIVE LIQUOR BOTTLE APPROVAL, TOTAL BOTTLE CAPACITY BEFORE CLOSURE (Fill in amount)
☐ RESUBMISSION AFTER REJECTION TTB ID

12. NET CONTENTS
750 mL

13. ALCOHOL CONTENT
7.9%

14. WINE APPELLATION (If on label)
SOUTH COAST

15. WINE VINTAGE DATE (If on label)
2003

16. PHONE NUMBER
951-587-9463

17. FAX NUMBER
951-587-8410

19. SHOW ANY WORDING (a) APPEARING ON MATERIALS FIRMLY AFFIXED TO THIS CONTAINER (e.g., CAPS, CARRIERS, etc.); AND OTHER THAN THE LABELS AFFIXED BELOW, OR (b) BLOWN, BRANDED OR EMBOSSED ON THE CONTAINER (e.g., the number, etc.). THIS WORDING MUST BE NOTED HERE EVEN IF IT DUPLICATES PORTIONS OF THE LABELS AFFIXED BELOW. ALSO, PROVIDE TRANSLATIONS OF FOREIGN LANGUAGE TEXT APPEARING ON LABELS.

"750 mL BLOWN INTO BOTTLE

**PART II – APPLICANT'S CERTIFICATION**
Under the penalties of perjury, I declare that all statements appearing on this application are true and correct to the best of my knowledge and belief; and, that the representations on the labels attached to the form, including supplemental documents, truly and correctly represent the content of the containers to which these labels will be applied. I also certify that I have read, understood and complied with the conditions and instructions which are attached to an original TTB F 5100.31, Certificate/Exemption of Label/Bottle Approval.

20. DATE OF APPLICATION
7/23/07

21. SIGNATURE OF APPLICANT OR AUTHORIZED AGENT

22. PRINT NAME OF APPLICANT OR AUTHORIZED AGENT
JOS Q. MCPHERSON

**PART III – TTB CERTIFICATE**
This certificate is issued subject to applicable laws, regulations and conditions as set forth in the instructions portion of the form.

23. DATE ISSUED
AUG 0 2 2007

24. AUTHORIZED SIGNATURE, ALCOHOL AND TOBACCO TAX AND TRADE BUREAU

**FOR TTB USE ONLY**

QUALIFICATIONS

EXPIRATION DATE (If any)

*Carter Estate*
2003 SOUTH COAST MERLOT

**MERLOT**
**SOUTH COAST**

BOTTLE No.   0001        VINTAGE   2003

*Carter Estate*

ESTATE GROWN, PRODUCED & BOTTLED BY SOUTH COAST WINERY
34843 RANCHO CALIFORNIA ROAD, TEMECULA, CA
951-587-9463 · www.wineryresort.com

# EXHIBIT L

May 17 2008 5:00PM    Law Offices Of David L. H    6617750391    p.39

01/23/2008 16:55 FAX 707 __8 8240    D P & F    ☑001

# DP&F

### DICKENSON, PEATMAN & FOGARTY
*A Professional Law Corporation*

J. SCOTT GERIEN
sgerien@dpf-law.com

809 Coombs Street
Napa, CA 94559-2977
Tel: 707 252 7122
Fax: 707 255 6876

www.dpf-law.com

January 23, 2008

VIA FACSIMILE AND US MAIL 951-587-8410

Mr. Jim Carter
Proprietor
South Coast Winery Resort & Spa
34843 Rancho California Rd.
Temecula, CA 92591

Re:    Infringement of CARTER CELLARS Mark

Dear Mr. Carter:

We are intellectual property counsel to Mark and Christy Carter (the "Carters"). The Carters are the owners of the trademark CARTER CELLARS for wine based on their use of the mark CARTER since 2001 and the mark CARTER CELLARS since 2006. The CARTER CELLARS wine has received great critical acclaim and media attention through the years, with the most recent vintages receiving scores of 95 and 96 from the *Wine Spectator* and being named among the best Cabernet wine from California. Obviously, the CARTER CELLARS brand possesses extensive consumer goodwill and recognition and is one of our clients' most valuable assets.

It recently came to our client's attention that South Coast Winery Resort & Spa ("South Coast") has obtained certificates of label approval ("COLAs") for a CARTER ESTATE brand of wine. This is extremely problematic as this brand will likely cause confusion with our clients' CARTER CELLARS brand. This likelihood of confusion is further exacerbated by the fact that the South Coast CARTER ESTATE brand appears to be intended for use on Cabernet and Merlot, our clients' two main varietals, will be made from California grapes, as is our client's wine, and utilizes a script-style font that is virtually identical to that of our client. Thus, South Coast's use of the CARTER ESTATE mark would infringe the Carters' valuable CARTER CELLARS mark and violate the federal Lanham Act and California unfair competition laws.

Accordingly, on behalf of our clients, we demand that South Coast not adopt the CARTER ESTATE mark or any other mark encompassing the term "Carter" for use on wine. In light of the fact that South Coast does not appear to have begun selling any wine with the CARTER ESTATE label, we trust that this will not be a problem. If South Coast will agree to comply with such request, we believe that this matter can be amicably resolved.

NAPA & SANTA ROSA

Mr. Jim Carter
January 23, 2008
Page 2

However, should South Coast proceed to use the CARTER ESTATE brand on wine, the Carters will act as necessary to preserve the value of their CARTER CELLARS brand and mark. Please advise us by February 8, 2008 as to whether we may expect South Coast's cooperation in this matter.

This letter is written without prejudice to the Carters' rights, all of which are expressly reserved.

Sincerely,

DICKENSON, PEATMAN & FOGARTY

J. Scott Gerien

cc:    Mark and Christy Carter

# EXHIBIT M

Trademark Electronic Search System (TESS)                                    Page 1 of 2



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue May 6 04:29:44 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout Please logout when you are done to release system resources allocated for you.

Start List At: ____ OR Jump to record: ____    **Record 5 out of 7**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

# CARTER ESTATE

| | |
|---|---|
| **Word Mark** | CARTER ESTATE |
| **Goods and Services** | IC 033. US 047 049. G & S: Wine |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77380943 |
| **Filing Date** | January 25, 2008 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Carter, Christy INDIVIDUAL UNITED STATES 301 L Street Eureka CALIFORNIA 955010571 |
| | (APPLICANT) Carter, Mark INDIVIDUAL UNITED STATES 301 L Street Eureka CALIFORNIA 955010571 |
| **Attorney of Record** | J. Scott Gerien |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

# EXHIBIT N

# LAW OFFICES OF DAVID L. HOFFMAN

28494 WESTINGHOUSE PLACE, SUITE 204
VALENCIA, CALIFORNIA 91355

**Telephone (661) 775-0300**
Facsimile (661) 775-9423
E-mail dlhpatent@sbcglobal.net

PATENT, TRADEMARK, COPYRIGHT & RELATED CAUSES

February 20, 2008

Mr. J. Scott Gerien
Dickenson, Peatman & Fogarty
809 Coombs Street
Napa, CA 94559-2799

> **VIA TELECOPIER and FIRST CLASS MAIL**
> TRANSMISSION FAX NO.: (707) 255-6876
> TOTAL PAGES: 3

Re:    Alleged Infringement of CARTER CELLARS Mark
       Our Matter No.: 06-10078

Dear Mr. Gerien:

Your letter of January 23, 2008 to Mr. Jim Carter has been forwarded to me for consideration and response. As you know, your allegations of trademark infringement are based on common law rights and not any registrations. Accordingly, the only way we can make any initial evaluation at all is if we have a copy of your client's labels for the alleged CARTER and CARTER CELLARS marks, or other specimens, and some written evidence of first use. At that point, if appropriate, we can then address your concerns.

Please also note that your letter does not accurately state the mark (CARTER ESTATE WINERY AND RESORT) upon which South Coast Winery, Inc. filed it federal application.

We look forward to receiving the requested information.

Very truly yours,
LAW OFFICES OF DAVID L. HOFFMAN

David L. Hoffman

DLH/crb
Encl.

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

 **United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Feb 12 06:04:31 EST 2008*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout Please logout when you are done to release system resources allocated for you.

Start List At: ____ OR Jump to record: ____    **Record 1 out of 9**

TARR Status | ASSIGN Status | TDR | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

# CARTER ESTATE WINERY AND RESORT

| | |
|---|---|
| **Word Mark** | CARTER ESTATE WINERY AND RESORT |
| **Goods and Services** | IC 043. US 100 101. G & S: Resort hotels; Resort lodging services; Restaurant services |
| | IC 044. US 100 101. G & S: Health spa services for health and wellness of the body and spirit offered at a health resort; Health spa services, namely, cosmetic body care services |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78933334 |
| **Filing Date** | July 19, 2006 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) South Coast Winery, Inc. CORPORATION CALIFORNIA P.O. Box 507 Santa Ana CALIFORNIA 92702 |
| **Attorney of Record** | David L. Hoffman |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE ESTATE WINERY AND RESORT APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

Trademark Electronic Search System (TESS)    Page 2 of 2

TESS HOME  NEW USER  STRUCTURED  FREE FORM  BROWSE DICT  SEARCH OG  TOP  HELP  PREV LIST  CURR LIST

NEXT LIST  FIRST DOC  PREV DOC  NEXT DOC  LAST DOC

[.HOME [ SITE INDEX[ SEARCH [ eBUSINESS | HELP [ PRIVACY POLICY

**SENDING REPORT**

Feb. 20 2008 09:47AM

YOUR LOGO    : LAW OFFICE
YOUR FAX NO. : 661 775 9423

| NO. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT |
|-----|-----------------|------------|------------|------|-------|--------|
| 01 | 17072556876 | Feb.20 09:46AM | 01'10 | SND | 03 | OK |

TO TURN OFF REPORT, PRESS 'MENU' #04.
THEN SELECT OFF BY USING '+' OR '-'.

FOR FAX ADVANTAGE ASSISTANCE, PLEASE CALL 1-800-HELP-FAX (435-7329).

# EXHIBIT O

May 17 2008 5:02PM    Law Offices Of David L. H    6617750391    p.49

02/21/2008 09:24 FAX 707 255   49    D P & F    ☒001



DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

J. SCOTT GERIEN
sgerien@dpf-law.com

809 Coombs Street
Napa, CA 94559-2977
Tel: 707 252 7122
Fax: 707 255 6876
www.dpf-law.com

February 21, 2008

VIA FACSIMILE AND US MAIL 661-775-9423

David L. Hoffman, Esq.
28494 Westinghouse Place, Ste. 204
Valencia, CA 91355

Re:    Infringement of CARTER CELLARS Mark

Dear Mr. Hoffman:

      We are in receipt of your letter of February 20, 2008. As per your request, attached please find various Certificates of Label Approval (COLAs) which reflect our clients' label for the last several vintages, and all of which precede any date of first use which might be claimed by your client. Also enclosed please find print-outs of archived *Wine Spectator* reviews of our clients' CARTER wine which demonstrate the use of the mark and which precede any date of first use which might be claimed by your client.

      As for your assertion that our demand letter does not accurately state your client's mark, this is mistaken. While your client may have filed a federal service mark application for CARTER ESTATE WINERY AND RESORT for hotel and spa services, its COLA for the wine label clearly indicates the mark to be used is CARTER ESTATE. Enclosed for your reference is a copy of this COLA.

      In light of the above, we look forward to your prompt substantive response.

                              Sincerely,

                              DICKENSON, PEATMAN & FOGARTY

                              J. Scott Gerien

Attachments

cc:    Carter Cellars

NAPA & SANTA ROSA

# EXHIBIT P

# LAW OFFICES OF DAVID L. HOFFMAN

28494 WESTINGHOUSE PLACE, SUITE 204
VALENCIA, CALIFORNIA 91355

**Telephone (661) 775-0300**

Facsimile (661) 775-9423
E-mail David@DLHpatent.com
www.DLHpatent.com

PATENT, TRADEMARK, COPYRIGHT & RELATED CAUSES

April 29, 2008

Mr. J. Scott Gerien
Dickenson, Peatman & Fogarty
809 Coombs Street
Napa, CA 94559-2799

> <u>VIA TELECOPIER and FIRST CLASS MAIL</u>
> TRANSMISSION FAX NO.: (707) 255-6876
> TOTAL PAGES: 2

Re:  Alleged Infringement of CARTER CELLARS Mark
     Our Matter No.: 06-10078

Dear Mr. Gerien:

We have analyzed your last letter. We observed that your client changed its mark from CARTER to CARTER CELLARS, and does not have a federally registered mark at this point. Its application has been rejected, and its most recent response takes the position that CARTER CELLARS is not confusingly similar to CARTER or to CARTER VINEYARD, and that all may peacefully co-exist.

With respect to South Coast Winery's bottle label, CARTER ESTATE, it was approved by COLA some time ago. After COLA approval, South Coast Winery ("SCW") bottled the wine with the label as is customary in the industry. Changing the label can destroy the wine due to the label removing process. Moreover, we already have use. Because no one company can claim exclusive right to CARTER [plus any other word] for wine, because re-labelling would destroy the wine, and other reasons, my client is set on going forward.

We became aware of your client's federal application on CARTER ESTATE for wine obviously filed after it became aware of SCW's use or intended use of CARTER ESTATE, thereby and in essence admitting that CARTER CELLARS would not cover CARTER ESTATE.

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

J. Scott Gerien, Esq.                                              *Law Offices of David L. Hoffman*
April 29, 2008
Page 2 of 2

     We demand that your client do the following immediately and no later than the Monday, May 5, 2008:

1. Withdraw its federal intent to use application on CARTER ESTATE by an express abandonment thereof; and

2. Confirm in writing to us that our use and registration of CARTER ESTATE for wine is acceptable to it, and that if requested by us, it will sign a joint use agreement comparable to that which it already has with CARTER VINEYARDS.

     We look forward to your client's written and signed acknowledgement of the above two conditions by close of business on May 5, 2008.

                        Very truly yours,
                        LAW OFFICES OF DAVID L. HOFFMAN

                        David L. Hoffman

DLH/crb

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

# EXHIBIT B

1   J. SCOTT GERIEN, State Bar No. 184728
2   MEGAN FERRIGAN HEALY, State Bar No. 229177
    DICKENSON, PEATMAN & FOGARTY
3   809 Coombs Street
    Napa, California 94559
    Telephone: (707) 252-7122
4   Facsimile: (707) 255-6876

5   Attorneys for Defendants
    MARK CARTER and CHRISTY CARTER

```
┌─────────────────────────────────┐
│              FILED              │
│  CLERK U.S DISTRICT COURT       │
│                                 │
│       JUN 2 0 2008              │
│         11:39                   │
│                                 │
│ CENTRAL DISTRICT OF CALIFORNIA  │
│ BY                    DEPUTY    │
└─────────────────────────────────┘
```

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  SOUTH COAST WINERY, INC., a            CASE NO. CV 08-03269 CAS (RCx)
    California Corporation,
12                                         ANSWER AND COUNTERCLAIM FOR
                    Plaintiff,
13                                         1.  Federal Unfair Competition
         v.                                2.  California Unfair Competition
14                                         3.  California False or Misleading
    MARK CARTER and CHRISTY                    Statements
    CARTER, both individuals,              4.  Common Law Trademark
15                                             Infringement
                    Defendants.
16

17

18  MARK CARTER and CHRISTY
    CARTER, both individuals,
19
                    Counterclaimants,
20
         v.
21
    SOUTH COAST WINERY, INC., a
22  California Corporation,

23                  Counterdefendant.

24

25

26

27                                              BY FAX

28

    ANSWER AND COUNTERCLAIMS            1        Case No. CV 08-03269 CAS (RCx)

1    Defendants Mark Carter and Christy Carter, both individuals ("Defendants"), by their

2    undersigned attorneys, as and for their Answer to the Complaint filed by Plaintiff on May 16,

3    2008 ("Complaint"), answer as follows:

4        1.    Answering Paragraph 1 of the Complaint, the nature of the action and the relief

5              sought by Plaintiff South Coast Winery, Inc., a California corporation ("Plaintiff")

6              as set forth in Paragraph 1 speaks for itself and Defendants deny that Plaintiff is

7              entitled to the relief requested.

8        2.    Answering Paragraph 2 of the Complaint, Defendants admit that they conduct

9              business within the judicial district and that venue is proper.

10       3.    Answering Paragraph 3 of the Complaint, Defendants are without sufficient

11             information to admit or deny the allegations contained therein and on such basis

12             deny the allegations.

13       4.    Answering Paragraph 4 of the Complaint, Defendants admit the allegations

14             contained therein.

15       5.    Answering Paragraph 5 of the Complaint, Defendants are without sufficient

16             information to admit or deny the allegations contained therein or the authenticity of

17             the exhibit reference therein and on such basis deny the allegations.

18       6.    Answering Paragraph 6 of the Complaint, Defendants are without sufficient

19             information to admit or deny the allegations contained therein or the authenticity of

20             the exhibits referenced therein and on such basis deny the allegations.

21       7.    Answering Paragraph 7 of the Complaint, Defendants are without sufficient

22             information to admit or deny the allegations contained therein and on such basis

23             deny the allegations.

24       8.    Answering the first two sentences of Paragraph 8 of the Complaint, Defendants

25             deny the allegations contained therein.

26

27

28

ANSWER AND COUNTERCLAIMS              2              Case No. CV 08-03269 CAS (RCx)

a.  Answering Paragraph 8(a) of the Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein or the authenticity of the exhibit referenced therein and on such basis deny the allegations.

b.  Answering Paragraph 8(b) of the Complaint, Defendants deny that an application for the mark CARTER was filed by Defendants doing business as Carter Cellars and admit that the exhibit referenced therein appears to be a printout of information regarding the CARTER application from the USPTO's Trademark Electronic Search System (TESS) database.

c.  Answering Paragraph 8(c) of the Complaint, Defendants admit that they entered an agreement as reflected in Exhibit F, and deny the remaining allegations contained therein.

d.  Answering Paragraph 8(d) of the Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein or the authenticity of the exhibit referenced therein and on such basis deny the allegations.

e.  Answering Paragraph 8(e) of the Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein and on such basis deny the allegations.

f.  Answering Paragraph 8(f) of the Complaint, Defendants admit the allegations contained therein.

g.  Answering Paragraph 8(g) of the Complaint, Defendants admit that they entered an agreement as reflected in Exhibit H, and deny the remaining allegations contained therein.

9.  Answering Paragraph 9 of the Complaint, Defendants admit that they filed an application for the mark CARTER CELLARS on July 19, 2007, and otherwise deny the remaining allegations contained therein.

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

10.    Answering Paragraph 10 of the Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein and on such basis deny the allegations.

11.    Answering Paragraph 11 of the Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein or the authenticity of the exhibit referenced therein and on such basis deny the allegations.

12.    Answering Paragraph 12 of the Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein or the authenticity of the exhibit referenced therein and on such basis deny the allegations.

13.    Answering Paragraph 13 of the Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein or the authenticity of the exhibit referenced therein and on such basis deny the allegations.

14.    Answering Paragraph 14 of the Complaint, Defendants are without knowledge as to the allegations contained therein and on such basis deny such allegations.

15.    Answering Paragraph 15 of the Complaint, Defendants are without knowledge as to the allegations contained therein and on such basis deny such allegations.

16.    Answering Paragraph 16 of the Complaint, Defendants deny the allegations contained therein.

17.    Answering Paragraph 17 of the Complaint, Defendants are without knowledge as to the allegations contained therein and on such basis deny such allegations.

18.    Answering Paragraph 18 of the Complaint, Defendants admit the allegations contained therein.

19.    Answering Paragraph 19 of the Complaint, Defendants admit that they filed the trademark application Serial No. 77/380943 and deny the remaining allegations contained therein.

20.     Answering Paragraph 20 of the Complaint, Defendants admit that their legal counsel received a letter from Plaintiff's legal counsel dated February 20, 2008, admit that the referenced exhibit appears to be a true and correct copy of such letter, and otherwise deny the remaining allegations contained therein.

21.     Answering Paragraph 21 of the Complaint, Defendants admit the contents of the first sentence of such paragraph, deny that the exhibit referenced therein is a true copy of Defendants' counsel's letter to Plaintiff dated February 21, 2008 together with the attachments to such letter, and otherwise deny the remaining allegations contained therein.

22.     Answering Paragraph 22 of the Complaint, Defendants admit that the referenced exhibit appears to be a true and correct copy of the letter from Plaintiff's counsel to Defendants' counsel dated April 29, 2008, and otherwise deny the remaining allegations contained therein.

23.     Answering Paragraph 23 of the Complaint, Defendants admit the allegations contained therein.

24.     Answering Paragraph 24 of the Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein and on such basis deny the allegations.

25.     Answering Paragraph 25 of the Complaint, Defendants admit the allegations contained therein.

26.     Answering Paragraph 26 of the Complaint, Defendants deny the allegations contained therein.

27.     Answering Paragraph 27 of the Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein and on such basis deny the allegations.

28.     Answering Paragraph 28 of the Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein and on such basis deny the allegations.

DPeF
DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

1    29.    Answering Paragraph 29 of the Complaint, Defendants re-allege and incorporate by

2           reference their responses to Paragraphs 1 through 28 of the Complaint.

3    30.    Answering Paragraph 30 of the Complaint, Defendants deny the allegations

4           contained therein.

5    31.    Answering Paragraph 31 of the Complaint, Defendants admit that they filed their

6           trademark application for CARTER ESTATE after their counsel's initial letter to

7           Plaintiff dated January 23, 2008 and with knowledge of Plaintiff's COLA, and deny

8           the remaining allegations contained therein.

9    32.    Answering Paragraph 32 of the Complaint, Defendants deny the allegations

10          contained therein.

11   33.    Answering Paragraph 33 of the Complaint, Defendants deny the allegations

12          contained therein.

13   34.    Answering Paragraph 34 of the Complaint, Defendants admit the allegations

14          contained therein.

15   35.    Answering Paragraph 35 of the Complaint, Defendants deny the allegations

16          contained therein.

17   36.    Answering Paragraph 36 of the Complaint, Defendants deny the allegations

18          contained therein.

19   37.    Answering Paragraph 37 of the Complaint, Defendants re-allege and incorporate by

20          reference their responses to Paragraphs 1 through 36 of the Complaint.

21   38.    Answering Paragraph 38 of the Complaint, Defendants deny the allegations

22          contained therein.

23   39.    Answering Paragraph 39 of the Complaint, Defendants deny the allegations

24          contained therein.

25   40.    Answering Paragraph 40 of the Complaint, Defendants deny the allegations

26          contained therein.

27   41.    Answering Paragraph 41 of the Complaint, Defendants deny the allegations

28          contained therein.

DP&F
DICKINSON, PEATMAN & FOGARTY
A Professional Law Corporation

42.    Answering Paragraph 42 of the Complaint, Defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff has acted with unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, Defendants demand judgment dismissing the Complaint, awarding Defendants the costs, expenses, and attorneys' fees it incurs in defending this matter, and awarding Defendants such other relief as the Court deems just and proper.

Dated:    6/19/08

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By
J. Scott Gerien

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Defendants,
Mark Carter and Christy Carter

ANSWER AND COUNTERCLAIMS -    7    - Case No. CV 08-03269 CAS (RCx)

## COUNTERCLAIM

Counterclaimants, Mark Carter, an individual, and Christy Carter, an individual ("Counterclaimants"), for their counterclaim against Counterdefendant, South Coast Winery, Inc., a California corporation ("Counterdefendant"), allege as follows:

### JURISDICTION AND VENUE

1. This is an action to redress violations of the federal Lanham Act for unfair competition (15 U.S.C. §1125(a)), violation of the California Business and Professions Code for unfair competition (Cal. Bus. & Prof. Code §17200) and the dissemination of false and misleading statements (Cal. Bus. & Prof. Code §17500), and common law trademark infringement, as the result of willful and unauthorized use by Counterdefendant of colorable imitations of Counterclaimants' trademark, as more fully set forth hereinafter. Counterclaimants seek permanent injunctive relief restraining Counterdefendant's infringement of Counterclaimants' trademark, monetary damages, attorneys' fees and related relief.

2. This Court has subject matter jurisdiction over Counterclaimants' claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1051-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

3. Upon information and belief, Counterdefendant, resides in this judicial district. Therefore, venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### THE PARTIES

4. Counterclaimants Mark Carter and Christy Carter are individuals with their principal place of business located at 301 L Street, Eureka, California 95501.

ANSWER AND COUNTERCLAIMS                    8                    Case No. CV 08-03269 CAS (RCx)

5.  Upon information and belief, Counterdefendant South Coast Winery, Inc. is a California corporation with its principal place of business located at 34843 Rancho California Road, Temecula, California 92591.

## ALLEGATIONS COMMON TO ALL CLAIMS

6.  Counterclaimants are the owners of the trademark CARTER CELLARS for wine, as well as the owner of a pending federal trademark application for the mark CARTER CELLARS for wine (U.S. Application Serial No. 77/234177).  Counterclaimants have used the mark CARTER CELLARS on and in association with wine since January 31, 2006, long prior to the acts of Counterdefendant complained of herein.  In addition, Counterclaimants have used the mark CARTER on and in association with wine, beginning in 2001 and continuing up until Counterclaimants' adoption of the mark CARTER CELLARS in January 2006, and the public and media continue to this day to refer to Counterclaimants' wine as CARTER.

7.  Counterclaimants' CARTER CELLARS mark is used on wine from California, primarily Merlot and Cabernet varietals.  Over the years, Counterclaimants' CARTER and CARTER CELLARS wines have received a substantial amount of unsolicited media attention and critical acclaim, with the CARTER CELLARS wines most recently being awarded scores of 95 and 96 from *Wine Spectator* magazine and being named among the best Cabernet wines from California.  As such, Counterclaimants own extremely valuable goodwill which is symbolized by their CARTER CELLARS trademark.

8.  Upon information and belief, Counterdefendant South Coast Winery, Inc. is a wine producer, winery, resort, restaurant, and spa based in Temecula, California.

9. In January of 2008, Counterclaimants discovered that Counterdefendant had received three (3) Certificates of Label Approval ("COLA") from the Alcohol and Tobacco Tax and Trade Bureau ("TTB") for the production and bottling of California wine bearing the mark CARTER ESTATE, with the varietals of such wine being Merlot and Cabernet. The COLAs were issued by the TTB on August 1 & 2, 2007.

10. Counterdefendant's CARTER ESTATE mark is confusingly similar to Counterclaimants' CARTER CELLARS mark given that the marks are virtually identical in sight, sound and meaning. In addition, the goods offered by Counterdefendant under its mark, namely, Merlot and Cabernet wines from California, are identical to those which Counterclaimants offer under their CARTER CELLARS mark, and travel through the same distribution channels and are advertised in the same marketing channels as Counterclaimants' CARTER CELLARS wine.

11. On January 23, 2008, Counterclaimants advised Counterdefendant via letter of Counterclaimants' trademark rights in the mark CARTER CELLARS for wine and requested that Counterdefendant agree not to use the confusingly similar mark CARTER ESTATE on the identical product. As Counterclaimants' investigation of Counterdefendant's use of the CARTER ESTATE mark suggested that Counterdefendant had not yet begun use of the CARTER ESTATE mark, Counterclaimants' demand was related to the prospective use of the mark by Counterdefendant.

12. On January 25, 2008, Counterclaimants' filed a federal trademark application for the mark CARTER ESTATE for wine (U.S. Application Serial No. 77/380,943), based on their intent to introduce a wine under such name based upon their right to use the descriptive term "estate" for wine produced and bottled on the property on which the

DPoF
DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

grapes for the wine were grown, as well as to prevent Counterdefendant's prospective use of the same confusingly similar mark.

13. On February 20, 2008, nearly one month later, Counterdefendant responded to Counterclaimants' January 23, 2008 letter with a letter requesting copies of Counterclaimants' CARTER and CARTER CELLARS wine labels, as well as written evidence of Counterclaimants' prior use.

14. Counterclaimants promptly responded to Counterdefendant via letter on February 21, 2008 with copies of Counterclaimants' COLAs for their CARTER and CARTER CELLARS labels, along with archived reviews of their CARTER wine demonstrating Counterclaimants' prior rights in the CARTER CELLARS mark.

15. On April 29, 2008, over two months after Counterclaimants response to Counterdefendant's letter requesting evidence of Counterclaimants' rights in their CARTER CELLARS mark, Counterdefendant responded to Counterclaimants with a letter stating that Counterdefendant did not intend to cease use of the mark CARTER ESTATE for wine and alleging that the CARTER ESTATE mark was presently in use on wine. The letter contained a demand that Counterclaimants abandon their federal trademark application for CARTER ESTATE, withdraw their objections to Counterdefendant's use or registration of CARTER ESTATE for wine, and enter into a written co-existence agreement with Counterdefendant regarding the parties' respective CARTER marks.

16. After receipt of Counterdefendant's April 29, 2008 letter, Counterclaimants came to learn that on April 19, 2008, Counterdefendant filed a federal trademark application for the mark CARTER ESTATE for "wines made by an estate winery in Southern California and marketed in connection with a Southern California resort adjacent the winery, and sold on the premises of the resort; and wine made by an estate winery in

Southern California and marketed in connection with a Southern California resort, and shipped to wine club members" (U.S. Application Serial No. 77/452815). No filing basis was specified in the application but the application did contain a sworn statement alleging that "[a]pplicant has made use of the mark by selling wine under the name CARTER ESTATE at its resort in Southern California."

17. Counterclaimants also came to learn that Counterdefendant had filed a U.S. Service Mark Application (Serial No. 78/933,334) for the mark CARTER ESTATE WINERY AND RESORT for resort hotel, restaurant and health spa services. Counterclaimants have filed an extension to oppose this application with the United States Patent and Trademark Office.

18. Counterclaimants were reviewing Counterdefendant's response letter with legal counsel when on May 16, 2008, before Counterclaimants had responded and with no prior contact, Counterdefendant preemptively filed a declaratory judgment action in this District against Counterclaimants seeking an order declaring that Counterdefendant's CARTER ESTATE trademark does not infringe Counterclaimants' CARTER CELLARS mark (the "Declaratory Judgment Action").

19. Following receipt of service of the Declaratory Judgment Action, Counterclaimants contacted Counterdefendant to propose a settlement whereby Counterdefendant would change its mark so as to prevent consumer confusion, while still retaining "CARTER" as part of its mark. The parties stipulated to extend the deadline for Counterclaimants to respond to Counterdefendant's declaratory judgment complaint while Counterdefendant considered Counterclaimants proposal. On June 12, 2008, Counterdefendant rejected Counterclaimants' proposal. Counterclaimants promptly filed an infringement action in the Northern District of California as this is where the infringement claim originally arose and where Counterclaimants are suffering harm as a

result of Counterdefendant's use of the infringing mark. On June 18, 2008, counsel for Counterclaimants contacted counsel for Counterdefendant to meet and confer concerning a transfer of Counterdefendant's declaratory judgment action to the Northern District of California to be joined with Counterclaimant's infringement action. Counsel for Counterdefendant refused to agree to such transfer. Pursuant to the Local Rules for the Central District of California, on July 8, 2008, Counterclaimant intends to file a motion to transfer this action to the Northern District of California on the basis of convenience, for purposes of judicial economy and in the interests of justice reflected by Counterdefendant's peremptory filing of the Declaratory Judgment Action in an attempt to forum-shop.

20. Through Counterdefendant's filing of the Declaratory Judgment Action, Counterdefendant has clearly indicated that it does not intend to cease use of the CARTER ESTATE mark on wine and has intentionally continued to infringe Plaintiff's CARTER CELLARS mark.

21. Continued use of the CARTER ESTATE mark by Counterdefendant is likely to confuse consumers into believing that Counterdefendant's CARTER ESTATE brand wines are affiliated with, associated with, connected to, or sponsored by Counterclaimants, and Counterdefendant will unjustly benefit from such association.

22. Upon information and belief, Counterdefendant plans on continuing to advertise and sell the CARTER ESTATE brand wine. Unless restrained by this Court, Counterdefendant will continue to unfairly compete with Counterclaimants and unfairly capitalize upon Plaintiff's strong reputation as a producer of California Cabernet and Merlot wine by using such mark, wherefore Counterclaimants are without adequate remedy at law.

23. Counterdefendant's infringing use of the confusingly similar CARTER ESTATE mark has financially harmed Counterclaimants by diminishing the value of Counterclaimants' CARTER CELLARS mark, and Counterdefendant's infringing use of the CARTER ESTATE mark has increased the profitability of Counterdefendant's CARTER ESTATE brand to the detriment of Counterclaimants.

24. This case is an exceptional case entitling Counterclaimants to treble damages and attorneys' fees.

## FIRST CAUSE OF ACTION

(Federal Unfair Competition under 15 U.S.C. §1125(a))

25. Counterclaimants restate and reaver the allegations of Paragraphs 1 through 24, inclusive, and the acts of Counterdefendant asserted therein as if set forth in full as part of this Cause of Action.

26. The Counterdefendant's above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Counterdefendant with Counterclaimants or as to the origin, sponsorship or approval of the Counterdefendant's goods or services in violation of 15 U.S.C. §1125.

27. Counterdefendant's above-averred actions constitute the use of a false or misleading description or representation of fact as to the nature, characteristic, or quality of Counterdefendant's goods in interstate commerce in connection with goods in commercial advertising or promotion.

## SECOND CAUSE OF ACTION

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

28. Counterclaimants restate and reaver the allegations of Paragraphs 1 through 27, inclusive, and the acts of Counterdefendant asserted therein as if set forth in full as part of this Cause of Action.

29. The Counterdefendant's above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

## THIRD CAUSE OF ACTION

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

30. Counterclaimants restate and reaver the allegations of Paragraphs 1 through 29, inclusive, and the acts of Counterdefendant asserted therein as if set forth in full as part of this Cause of Action.

31. The Counterdefendant's above-averred actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

## FOURTH CAUSE OF ACTION

(Common Law Trademark Infringement)

32. Counterclaimants restate and reaver the allegations of Paragraphs 1 through 31, inclusive, and the acts of Counterdefendant asserted therein as if set forth in full as part of this Cause of Action.

33. The Counterdefendant's above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants request that judgment be entered as follows:



ANSWER AND COUNTERCLAIMS                    15                    Case No. CV 08-03269 CAS (RCx)

1.    That Counterdefendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

    a.    Using the mark CARTER ESTATE, or terms or marks confusingly similar to Counterclaimants' CARTER CELLARS mark, in connection with the advertisement, promotion, distribution, offering for sale or selling of wine or related goods or services;

    b.    Performing any acts or using any trademarks, service marks, names, words or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Counterclaimants and the Counterdefendant are one in the same or are in some way connected or that Counterclaimants are a sponsor of the Counterdefendant or that the goods or services of the Counterdefendant originate with Counterclaimants or are likely to lead the trade or public to associate the Counterdefendant with Counterclaimants;

2.    That Counterdefendant be required to file with the Court, and serve on Counterclaimants, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief.

3.    That Counterdefendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be required to deliver up for destruction all advertising,

ANSWER AND COUNTERCLAIMS                    16                    Case No. CV 08-03269 CAS (RCx)

1    promotional materials, point of sale materials, packaging, labels, corks, bottles and

2    any other materials bearing the infringing mark together with all artwork, plates,

3    molds, matrices and other means and materials for making and reproducing the

4    same;

5  4.    That Counterdefendant be ordered to pay Counterclaimants monetary damages for

6      the harm resulting from infringement of Counterclaimants' mark, in an amount to

7      be determined at trial;

8

9  5.    That Counterclaimants' damages be trebled and that Counterdefendant be order to

10      pay Counterclaimants' attorneys' fees on the basis that this is an exceptional case;

11  6.    That the Director for the United States Patent and Trademark Office be directed to

12      refuse Counterdefendant's trademark and service mark applications, Serial Nos.

13      77/452,815 and 78/933,334.

14

15  7.    That Counterclaimants have such other and further relief as this Court shall deem

16      just and proper on the merits.

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND COUNTERCLAIMS                    17                    Case No. CV 08-03269 CAS (RCx)



Dated: 6/19/08

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By
J. Scott Gerien
Megan Ferrigan Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Counterclaimants,
Mark Carter and Christy Carter

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

# PROOF OF SERVICE

I declare that I am over the age of 18 years, employed in the County of Napa, and not a party to the within action; my business address is 809 Coombs Street, Napa, California 94559.

On June 20, 2008, I placed a copy of the following document(s):

- **ANSWER AND COUNTERCLAIM**

in a sealed envelope addressed as shown below and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

The persons served are as follows:

David L. Hoffman
Law Offices of David L. Hoffman
28494 Westinghouse Place, Suite 204
Valencia, CA 91355

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 20, 2008, at Napa, California.

Jaymie Kilgore
Legal Secretary