Sophie Froelich SBN 213194
NOSSAMAN, LLP
50 California Street, 34th Floor
San Francisco, CA  94111
Phone: (415) 398-3600
Fax: (415) 398-2438
sfroelich@nossaman.com
Specially Appearing for Defendant
  South Coast Winery, Inc.

David L. Hoffman SBN: 143474
LAW OFFICES OF DAVID L. HOFFMAN
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Phone: (661) 775-0300
Fax: (661) 775-9423
Of Counsel for Defendant
  South Coast Winery, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Carter, an individual, and Christy Carter, an individual,<br><br>     Plaintiffs,<br>  vs.<br><br>South Coast Winery, Inc.<br><br>     Defendant. | **CASE NO.  C08-02979 (EMC) ADR**<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, STAY OR TRANSFER UNDER THE FIRST-TO-FILE RULE AND F.R.C.P. 12(b)(3) &**<br><br>**Date:      August 27, 2008**<br>**Time:      10:30 a.m.**<br>**Courtroom: C, 15th Floor**<br>**Judge:     Hon. Edward M. Chen** |

I.    PRELIMINARY STATEMENT.

This memorandum of points and authorities is respectfully submitted by the Defendant South Coast Winery, Inc. ("SCW") in support of its motion seeking the dismissal, stay or transfer of the instant matter to the Central District of California under the "First To File" rule and Fed. R. Civ. Proc. 12(b)(3).

1

MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: C-08-02979 (EMC) ADR

SCW first filed suit on May 16, 2008. Its complaint contained two causes of action for declaratory relief and a third cause of action for Federal Unfair Competition against Mark and Christy Carter ("Carter Cellars"), the very same plaintiffs in the instant action. A true and correct copy of the complaint filed by SCW is attached to the accompanying Hoffman declaration as Exhibit "A".

As SCW's complaint notes, SCW has a federal application filed long ago on "Carter Estate Winery and Resort." Moreover, as early as April 28, 2007, SCW began selling wine with the label "Carter Estate". The sale was held on the premises of SCW's South Coast Winery & Resort in Temecula, CA. See paragraph 12 of SCW's complaint.

About three months later, on or about July 23, 2007, SCW filed an application for and certification/exemption of label/bottle approval with the Department of the Treasury, Alcohol, and Tobacco Tax and Trade Bureau (aka "the Bureau of Alcohol, Tobacco and Firearms" or "ATF") for its Merlot with a "CARTER ESTATE" label. A true and correct copy of said application is attached as Exhibit K to the SCW Complaint. Plaintiff has obtained a Certificate of Label Approval ("COLA") from the ATF permitting their use of the aforementioned label.

A dispute arose because thousands of bottles of wine had been labeled prior to the letter SCW received from the attorney representing Carter Cellars dated January 23, 2008. This January 23, 2008 letter asserted that SCW's use of the "Carter Estate" label on its wine would cause confusion with "Carter Cellars", the mark being used by the Carter Cellars. The letter specifically stated that if SCW used the brand on its wine, the Carter Cellars would "act as necessary" to preserve the value of their brand and mark. See paragraph 17 & 18 of Exhibit "A".

Carter Cellars, unknown to SCW at the time, went out (on January 25, 2008) and filed an INTENT TO USE federal trademark application on "CARTER ESTATES," the exact first two words of SCW's "Carter Estate Winery and Resort" mark and of course, the essentially exact

match for what SCW had already obtained COLA approval and had already labeled all its wine bottles.

SCW, still having no idea that Carter Cellars had gone out and filed a federal trademark application for the mark that SCW was already using, i.e., "Carter Estate," (apparently as some wild attempt to try to stop SCW from using SCW's Carter Estate mark), responded to Carter Cellars January 23, 2008 letter by SCW attorney David Hoffman's letter dated February 20, 2008 requesting copies of the Carter wine labels. See Exhibit "N" to SCW's complaint (Exhibit "A" of accompanying Hoffman declaration). In response thereto, counsel for Carter Cellars sent a responsive letter. See Exhibit "O" to SCW's complaint.

Then, in response to that Carter Cellars' letter, after Mr. Hoffman and thus SCW found out about the Carter Cellars' trademark application on "Carter Estates," sent a facsimile letter dated April 29, 2008 indicating that SCW had received a Certificate of Label Approval "(COLA") from the ATF for use of the label, had bottled wine with that label and even sold some. See Exhibit "P" to SCW's Complaint. The April 29, 2008 facsimile letter requested a response from Carter Cellars' counsel on or before May 5, 2008. Specifically, the April 29 letter demanded confirmation of Carter Cellars' withdrawal of the intent to use application on "Carter Estate" and also demanded confirmation in writing that SCW's use and registration of SCW's mark "Carter Estate" was acceptable to Carter Cellars.

That May 5, 2008 deadline came and went and SCW waited 11 more days. After all the correspondence, after finding out about Carter Cellars' shot across the bow (the "Carter Estates" trademark application), and after being left hanging without a response to the April 29 facsimile, SCW filed suit on May 16, 2008. Thus, an actual case or controversy had to be resolved.

Carter Cellars filed the instant action on or about June 17, 2008. Carter Cellars also actually filed an answer and counterclaim in the Central District litigation on June 20, 2008

3
MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: C-08-02979 (EMC) ADR

containing four counterclaims that were virtually identical to the four causes of action asserted in the instant action. See Exhibit "B" to accompanying Hoffman declaration. Thus, Carter Cellars is pursuing its claims in the Central District litigation, and this litigation in the Northern District is superfluous and a waste of court resources.

For the reasons contained herein, as well as those set forth in the moving papers including the supporting Hoffman declaration, the instant action should either be dismissed, stayed, or transferred to the Central District.

**II.    WHEN TWO ACTIONS INVOLVING OVERLAPPING ISSUES AND PARTIES ARE PENDING IN TWO FEDERAL COURTS, THERE IS A STRONG PRESUMPTION THAT FAVORS THE FORUM OF THE FIRST FILED SUIT UNDER THE "FIRST FILED RULE".**

Where two actions involving overlapping issues and parties are pending in two federal courts, "there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) (emphasis added); Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622 (9th Cir. 1991); Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 602-604 (5th Cir. 1999) (second court need not determine whether first court has subject matter jurisdiction).

In such an instance, the court that received the latter filing has discretion to stay, transfer, or dismiss the second action, and the first action filed generally should proceed to judgment. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991); Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). This so-called "first-to-file" rule was developed to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly." Alltrade, 946 F.2d at 625 (citing Church of Scientology v.United States Dep't of the Army, 611 F.2d 738, 750 (9th Cir. 1979)).

It is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-5 (9th Cir. 1982). As a principle of sound judicial administration, the first suit should have priority, absent special circumstances. Kahn v. Gen'l Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989)

Courts in the Ninth Circuit look at three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues. Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625-26 (9th Cir. 1991); Pacesetter, 678 F.2d at 95; Z-Line Designs, Inc. v. Bell'O Int'l, LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003).

Restraint of the first-filed suit is made only to prevent wrong or injustice . . . ." Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989). The party filing the second action must demonstrate the existence of special circumstances to overcome the strong presumption in favor of the first-filed action. *See id.* at 1081-83; Applied Vision Inc. v. Optical Coating Lab., Inc., 1997 U.S. Dist. LEXIS 16306, No. C97-1233, 1997 WL 601425 at *2 (N.D.Calif. 1997).

**III.    THE TWO ACTIONS INVOLVE OVERLAPPING ISSUES AND PARTIES.**

Both, this action and the action brought by SCW involve the very same parties. And, the identical claims of Carter Cellars are contained in both actions. In the instant action those claims are set forth as causes of action in the subject (Carter Cellars') lawsuit. And, in the action filed by SCW, the identical claims are set forth by Carter Cellars as counterclaims. Moreover, the claims of SCW would and will also be identical in both suits. The affirmative defenses of the parties would also be the same. Thus, the actions involve not only overlapping, but in essence identical issues as well as the very same parties.

5
MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: C-08-02979 (EMC) ADR

### IV. ONCE A COURT BECOMES AWARE THAT AN ACTION ON ITS DOCKET INVOLVES A CLAIM THAT SHOULD BE A COMPULSORY COUNTERCLAIM IN ANOTHER PENDING ACTION, IT ORDIINARY WILL STAY ITS OWN PROCEEDING IN THE INTEREST OF JUDICIAL ECONOMY.

Once a court becomes aware an action on its docket involves a claim that should be a compulsory counterclaim in another pending action, it ordinarily will stay its own proceeding in the interest of judicial economy. Failure to do so may be an abuse of discretion. Adam v. Jacobs (2nd Cir. 1991) 950 F.2d 89, 93-94; Handy v. Shaw, Bransford, Veilleux & Roth (DC Cir. 2003) 325 F.3d 346, 349.

In the instant action, as evidenced by the accompanying declaration of David Hoffman, the very same four causes of action asserted by Carter Cellars in this action actually serve as four identical counterclaims in the first filed action brought by SCW.

### V. SCW'S CENTRAL DISTRICT ACTION INCLUDES AN AFFIRMATIVE CLAIM FOR RELIEF AND THUS IS NOT A SOLELY DECLARATORY JUDGMENT ACTION, IN WHICH CASE IT CANNOT BE AN ANTICIPATORY FILING OR BAD FAITH FILING

SCW's Central District action has a federal unfair competition claim. Unlike declaratory judgment actions that courts can possibly find "anticipatory", the third cause of action in the Central District litigation was brought for federal unfair competition to invalidate the Carter Cellar's intent to use application filed on "CARTER ESTATES" claiming that Carter Cellar's intended to use this mark, even though Carter Cellars already knew about SCW's COLA application on "CARTER ESTATE" and well after SCW's "Carter Estate Winery and Resort" application. Thus, the action brought by SCW was neither brought in bad faith, nor anticipatorily for the purpose of forum shopping. Carter Cellars should not be rewarded for their attorneys' failure to respond to Mr. Hoffman's April 29, 2008 letter and their attorneys' leaving SCW hanging.

### VI. BECAUSE SCW'S CENTRAL DISTRICT ACTION WAS NOT FILED IN BAD FAITH, WAS NOT ANTICIPATORY, AND DID NOT INVOLVE FORUM SHOPPING, THE COURT SHOULD NOT DISREGARD THE FIRST TO FILE RULE.

The Ninth Circuit has identified three special circumstances in which a court may decline to apply the first-to-file rule: (1) when the first-filed suit was filed in bad faith, (2) was anticipatory, or (3) was forum shopping. Alltrade, 946 F.2d at 625. Thus, some courts have chosen not to apply the first-to-file rule when the first-filed action is one for declaratory relief. See, e.g., Alaris Medical Systems, Inc. v. Filtertek, Inc., 2001 U.S. Dist. LEXIS 24976, at *5-6 (S.D.Cal. Dec. 19, 2001). See also, Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215 (2nd Cir. 1988). In these cases, the courts found that the declaratory action was anticipatory and plaintiff was forum shopping. These courts somewhat melded the anticipatory exception with the forum shopping exception, that is, plaintiff anticipated an immediate litigation and raced to the courthouse to secure his choice of forum. See e.g., Alaris Medical Systems, 2001 U.S. Dist. LEXIS 24976, at *5-6; Factors, 579 F.2d at 219.

The anticipatory suit exception is rooted in a concern that a plaintiff should not be "deprived of its traditional choice of forum because a defendant with notice of an impending suit first files a declaratory relief action over the same issue in another forum." British Telecomm., 1993 U.S. Dist. LEXIS 6345, 1993 WL 149860 at * 3. In order for a court to find that the initial suit was anticipatory, the plaintiff in the first action must have been in receipt of "specific, concrete indications that a suit by defendant was imminent." Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994) (Whyte, J.) (citing Amerada Petroleum Corp. v. Marshall, 381 F.2d 661, 663 (5th Cir. 1967) (where the court found the filing of a declaratory action by plaintiff anticipatory when it followed receipt of defendant's letter stating that defendant would sue plaintiff in another forum where it could properly serve plaintiff, if plaintiff did not voluntarily

submit to jurisdiction in the current forum)); see also <u>Bryant v. Oxxford Express, Inc.</u>, 181 F. Supp. 2d 1045, 1048-9 (C.D.Cal. 2000) (finding that the receipt of a letter declaring that plaintiff was in breach did not render the suit filed "anticipatory" because it did not indicate that a lawsuit was imminent and plaintiff already had a pre-existing motive for going to court); <u>Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc., et al.</u>, 179 F.R.D. 264 (C.D.Cal. 1998) (letter informing plaintiff about possible patent infringements did not threaten litigation by specific date, and thus declaratory action filed was not anticipatory).

Of course, one of the key purposes of the Declaratory Judgment Act ("DJA") is to "alleviate the necessity of waiting indefinitely for a [party] to file an infringement action." <u>Guthy-Renker Fitness, L.L.C. v. Icon Health</u>, 179 F.R.D. 264, 272 (C.D.Cal. 1998). It allows a party in reasonable apprehension of suit to file a declaratory action. <u>Id</u>.

A court must balance the competing interests of the anticipatory exception to the first-to-file rule with the reasonable apprehension prerequisite of the DJA. In weighing this balance, courts in the Ninth Circuit have focused on the reasonableness of the declaratory plaintiff's apprehension. See, e.g., <u>Guthy-Renker Fitness</u>, 179 F.R.D. 271 (finding cease and desist letters were not a specific, concrete indication of imminent suit).

If a court were to strictly apply the declaratory judgment exception to the first to file rule, "each time a party sought declaratory judgment in one forum, a defendant filing a second suit in a forum more favorable to defendant could always prevail under the anticipatory filing exception." <u>800-Flowers</u>, 860 F.Supp at 132. Thus, "[a] suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." <u>Guthy-Renker Fitness</u>, 179 F.R.D. at 278.

In the instant matter, the anticipatory suit exception is not applicable because there was no imminent threat of suit at the time that SCW filed its action in the Central District. As the accompanying Hoffman declaration makes clear, in his letter of April 29, 2008, he had given the attorney for Carter Cellars until May 5, 2008 to confirm that they were okay with SCW's continued use of the mark and also requested confirmation that the intent to use trademark application would be withdrawn. Counsel for Carter Cellars, even as much as 11 days after the May 5, 2008 deadline set by SCW came and went, never provided any communication in response to the April 29, 2008. SCW was thus left to wonder whether suit would be filed by Carter Cellars to resolve the dispute.

Since thousands of bottles of wine had been labeled with the "Carter Estate" label and SCW had already obtained "COLA" approval from ATF, it was imperative that the issue be resolved as quickly as possible. Moreover, SCW is in the process of promoting its resort to be named "Carter Estate Winery and Resort." In addition, Carter Cellars had fired a clear shot across SCW's bow—Carter Cellars went out and filed its INTENT TO USE federal trademark application on "CARTER ESTATES," the exact beginning of SCW's "Carter Estate Winery and Resort" mark and of course, the essentially exact match for what SCW had already obtained COLA approval and already labeled all its wine bottles. Therefore, SCW brought suit in the Central District.

Furthermore, as noted above in section V, unlike the declaratory judgment actions, the third cause of action in the Central District litigation was brought for federal unfair competition to invalidate the Carters' intent to use application. Thus, the action brought by SCW was neither brought in bad faith, nor anticipatorily for the purpose of forum shopping.

For the foregoing reasons, it is respectfully requested that the Court either dismiss, stay or transfer the instant action to the Central District of California (Downtown Los Angeles) where the

9

MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: C-08-02979 (EMC) ADR

action commenced by SCW is presently pending before the Honorable Christina A. Snyder, Courtroom 5.

Respectfully submitted this 21st day of July, 2008

NOSSAMAN LLP


_____/S/_____
By: Sophie Froelich.
Specially Appearing for Defendant
South Coast Winery, Inc.