Sophie Froelich SBN 213194
NOSSAMAN, LLP
50 California Street, 34th Floor
San Francisco, CA 94111
Phone: (415) 398-3600
Fax: (415) 398-2438
sfroelich@nossaman.com
Specially Appearing for Defendant
  South Coast Winery, Inc.

David L. Hoffman SBN: 143474
LAW OFFICES OF DAVID L. HOFFMAN
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Phone: (661) 775-0300
Fax: (661) 775-9423
Of Counsel for Defendant
  South Coast Winery, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Carter, an individual, and Christy Carter, an individual,<br><br>            Plaintiffs,<br>  vs.<br><br>South Coast Winery, Inc.<br><br>            Defendant. | **CASE NO. C08-02979 (EMC) ADR**<br><br>**[PROPOSED] ORDER RE MOTION UNDER FIRST TO FILE RULE AND F.R.C.P. 12(b)(3)**<br><br>**Date:** August 27, 2008<br>**Time:** 10:30 a.m.<br>**Courtroom:** C, 15th Floor<br>**Judge:** Hon. Edward M. Chen |

      Defendant South Coast Winery, Inc. ("SCW") owns a resort and winery in Temecula, California. The resort, run by James Carter, has operated for years. Defendant also is building a new resort, and previously filed a Federal Trademark Application on "CARTER ESTATE WINERY AND RESORT."

1    Plaintiffs Mark and Christy Carter do business as Carter Cellars in Napa Valley, selling
2 wine.  They have sold wine under the mark Carter Cellars for years.
3    Defendant SCW has filed a motion seeking the dismissal, stay or transfer of the instant
4 matter to the Central District of California under the "First To File" rule and Fed. R. Civ. Proc.
5 12(b)(3), in favor of SCW's first-filed, pending action in the Central District.
6    SCW first filed suit on May 16, 2008.  Its complaint contained two causes of action for
7 declaratory relief and a third cause of action for Federal Unfair Competition against Mark and
8 Christy Carter ("Carter Cellars"), the very same plaintiffs in the instant action.  A true and correct
9 copy of the complaint filed by SCW is attached to the Hoffman declaration as Exhibit "A" filed
10 by SCW.
11    As SCW's Central District complaint notes, SCW has a federal application filed long ago
12 on "Carter Estate Winery and Resort."
13    As early as April 28, 2007, SCW began selling wine with the label "Carter Estate".  The
14 sale was held on the premises of SCW's South Coast Winery and Resort.  See paragraph 12 of
15 SCW's complaint.
16    About three months later, on or about July 23, 2007, SCW filed an application for and
17 certification/exemption of label/bottle approval with the Department of the Treasury, Alcohol,
18 and Tobacco Tax and Trade Bureau (aka "the Bureau of Alcohol, Tobacco and Firearms" or
19 "ATF") for its Merlot with a "CARTER ESTATE" label. A true and correct copy of said
20 application is attached as Exhibit K to the SCW Complaint. Plaintiff has obtained a Certificate of
21 Label Approval ("COLA") from the ATF permitting their use of the aforementioned label.
22    A dispute arose because many bottles of wine had been labeled prior to a cease and desist
23 letter that SCW received from the attorney representing Carter Cellars dated January 23, 2008.
24 This January 23, 2008 letter asserted that SCW's use of the "Carter Estate" label on its wine
25 would cause confusion with "Carter Cellars", the mark being used by the Carter Cellars.  The
26 letter specifically stated that if SCW used the brand on its wine, the Carter Cellars would "act as
27 necessary" to preserve the value of their brand and mark.  See paragraph 17 & 18 of Exhibit "A".
28

1  Carter Cellars, unknown to SCW at the time, went out (on January 25, 2008) and filed an
2  INTENT TO USE federal trademark application on "CARTER ESTATES," the exact first two
3  words of SCW's "Carter Estate Winery and Resort" mark and of course, the essentially exact
4  match for what SCW had already obtained COLA approval and had already labeled all its wine
5  bottles.
6  SCW, still having no idea that Carter Cellars had gone out and filed a federal trademark
7  application for the mark that SCW was already using, i.e., "Carter Estate," (apparently as some
8  wild attempt to try to stop SCW from using SCW's Carter Estate mark), responded to Carter
9  Cellars January 23, 2008 letter by SCW attorney David Hoffman's letter dated February 20, 2008
10  requesting copies of the Carter wine labels. See Exhibit "N" to SCW's complaint (Exhibit "A" of
11  accompanying Hoffman declaration). In response thereto, counsel for Carter Cellars sent a
12  responsive letter. See Exhibit "O" to SCW's complaint.
13  Then, in response to that Carter Cellars' letter, after Mr. Hoffman and thus SCW found
14  out about the Carter Cellars' trademark application on "Carter Estates," sent a facsimile letter
15  dated April 29, 2008 indicating that SCW had received a Certificate of Label Approval
16  "(COLA") from the ATF for use of the label, had bottled wine with that label and even sold
17  some. See Exhibit "P" to SCW's Complaint. The April 29, 2008 facsimile letter requested a
18  response from Carter Cellars' counsel on or before May 5, 2008. Specifically, the April 29 letter
19  demanded confirmation of Carter Cellars' withdrawal of the intent to use application on "Carter
20  Estate" and also demanded confirmation in writing that SCW's use and registration of SCW's
21  mark "Carter Estate" was acceptable to Carter Cellars.
22  That May 5, 2008 deadline came and went and SCW waited 11 more days. After all the
23  correspondence, after finding out about Carter Cellars' shot across the bow (the "Carter Estates"
24  trademark application), and after being left hanging without a response to the April 29 facsimile,
25  SCW filed suit on May 16, 2008. Thus, an actual case or controversy had to be resolved.
26  Carter Cellars filed the instant action on or about June 17, 2008. Carter Cellars also
27  actually filed an answer and counterclaim in the Central District litigation on June 20, 2008
28  containing four counterclaims that were virtually identical to the four causes of action asserted in

the instant action.  See Exhibit "B" to accompanying Hoffman declaration.  Thus, Carter Cellars is pursuing its claims in the Central District litigation, and this litigation in the Northern District is superfluous and a waste of court resources.

SCW has the first-filed action.  The court that receives the second filing has discretion to stay, transfer, or dismiss the second action, and the first action filed generally should proceed to judgment. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991); Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982).

It is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-5 (9th Cir. 1982).

Courts in the Ninth Circuit look at three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues. Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625-26 (9th Cir. 1991); Pacesetter, 678 F.2d at 95; Z-Line Designs, Inc. v. Bell'O Int'l, LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003).

Since the Central District case was first filed, the parties are identical in each case, and all causes of action are subsumed by the Central District case.

Moreover, Carter Cellars filed an Answer and Counterclaims in the Central District case, and so the litigation can be fully conducted there.  Carter Cellars had not, as of the filing of SCW's motion here to stay, dismiss or transfer, filed any such motion in the Central District.

In addition, SCW's complaint in the Central District contains a claim for affirmative relief, i.e., a claim for unfair competition based at least in part on the fact that Carter Cellars filed a Federal intent to use trademark application on CARTER ESTATES, the mark which SCW had already filed its COLA application on, and which Carter Cellars already knew that COLA had granted SCW's application.

The Court, having reviewed the moving and opposition papers, and other papers filed in the subject case, IT IS HEREBY ORDERED THAT:

The subject action is dismissed in favor of the first-filed action by SCW in the Central District for the foregoing reasons, and the reasons set forth in Defendant SCW's moving papers.

Dated: _____              _____
                                    Hon. Edward Chen,
                                    U.S. Magistrate Judge